UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MARTINEZ JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Case No. 23-cv-03566-SVK<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; INSTRUCTIONS TO CLERK; DIRECTING FEDERAL PUBLIC DEFENDER TO FILE NOTICE OF APPEARANCE**<br><br>Re: Dkt. Nos. 2, 3 |

**INTRODUCTION**

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking relief from his continued detention by the United States Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) pending removal proceedings without a bond hearing. (ECF No. 1.) Petitioner has consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.) He is granted leave to proceed in forma pauperis, and his motion for appointment of counsel is granted. (ECF Nos. 2, 3.) For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

**DISCUSSION**

A.  Background

The following facts come from the petition. Petitioner is a noncitizen who served 26 years in the custody of the California Department of Corrections and Rehabilitation. (ECF No. 1 at 3 ¶ 15, 5 ¶ F.)[1] He has been detained by DHS since October 11, 2022, pending his removal

---

[1] Page 4 of the Petition is missing and is instead a duplicate of page 3. The missing page is not necessary for the Petition to state a cognizable claim, when liberally construed, or to merit a

1  proceedings. (ECF No. 3 at 1.) He was transferred to Golden State Annex in Macfarland,

2  California, an ICE facility. (ECF No. 1 at 1 ¶ 1.)

B.  Standard of review

District courts have habeas jurisdiction under 28 U.S.C. § 2241 to review Immigration Judges' bond hearing determinations for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). Given "the substantial liberty interests at stake" in such bond hearings, due process requires the government to "prove by clear and convincing evidence that continued detention is justified," and for IJ to make a contemporaneous record of the hearings. *Id.* Failure to afford a bond hearing to an alien on prolonged detention may be grounds for habeas relief under 28 U.S.C. § 2241. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 n.3 (9th Cir. 2009) (noting that at bond hearing government bears the burden of establishing that the alien is a flight risk or a danger to the community).

The district court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C.  Petitioner's claims

Petitioner claims his continued detention without a bond hearing violates his right due process and under the Eighth Amendment. (ECF No. 1 at 13-14.) When his allegations are liberally construed, it appears that petitioner has stated cognizable habeas claims for relief under 28 U.S.C. § 2241.

D.  Motion for Appointment of Counsel

Petitioner filed a motion for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint

---

response from respondent. Nonetheless, petitioner may re-file a copy the Petition with the missing page included if he so chooses.

United States District Court
Northern District of California

counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). In light of the length of petitioner's detention to date and the complexity of the issues raised by the Petition, the interests of justice necessitate petitioner's representation by counsel. Accordingly, the motion for appointment of counsel will be granted.

## CONCLUSION

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the Petition, and all attachments thereto, on respondent and respondent's attorney, the United States Attorney. The Clerk shall also send a copy of the Petition and this Order to the Attorney General of the United States in Washington, D.C..

2. Respondent shall complete and file the Magistrate Judge jurisdiction consent form no later than **December 6, 2023**.

3. Respondent shall file with the Court and serve on petitioner, on or before **December 6, 2023,** an answer showing cause why a writ of habeas corpus should not be granted. If petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on respondent on or before **December 27, 2023**.

4. The motion for appointment of counsel is GRANTED. Counsel is appointed pursuant to 18 U.S.C. § 3006A. *United States v. Salemo*, 81 F.3d 1453, 1459 & n.4 (9th Cir. 1996). <u>The Clerk shall send a copy of this order to the Federal Public Defender's Office.</u> Counsel for Petitioner shall file a notice of appearance on or before **December 6, 2023**.

5. Leave to proceed in forma pauperis is GRANTED in light of petitioner's lack of funds.

**SO ORDERED.**

Dated: November 6, 2023

_____
Susan van Keulen
United States Magistrate Judge

3